889 F.2d 1085
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul Lee GARNER, Defendant-Appellant.
 No. 89-5559.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 16, 1989.
Decided Oct. 27, 1989.
 
 David Bruce Freedman, White & Crumpler, on brief for appellant.
 Robert Holt Edmunds, Jr., Office of the U.S. Attorney, on brief for appellee.
 Before PHILLIPS and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Paul Lee Garner was charged in one count with intent to distribute 126 tablets of Diazepam (Valium). As to that he entered a plea of guilty. Another count in the indictment charged carrying two firearms during and in relation to the drug trafficking crime set forth in the preceding count. A jury returned a verdict of guilty on the second count. Garner has appealed.
 
 
 2
 When officers of the Winston-Salem, North Carolina police department and agents of the United States Bureau of Alcohol, Tobacco and Firearms combined forces to execute a search warrant at an apartment occupied by Garner, they encountered Garner in the bathroom holding a brown plastic bottle. It contained the 126 tablets of Diazepam, a Schedule IV controlled substance. Conducting the search, the officers and agents found numerous drug operation paraphernalia and approximately 10 pounds of 20 gauge shotgun shells and .32 caliber, .357 caliber and .45 caliber bullets in the kitchen and bathroom.
 
 
 3
 In the bedroom, standing in plain sight propped between the bed and the night stand, the officers and agents found a Winchester 12 gauge shotgun loaded with eight shells. In a side dresser they found a fully loaded .357 revolver. Each of the weapons was manufactured elsewhere than in North Carolina and was functional.
 
 
 4
 Having been read his Miranda rights, Garner stated that the pistol and shotgun were his.
 
 
 5
 During the execution of the warrant, a customer telephoned to purchase some quaaludes and came to the apartment at the suggestion of an ATF agent. Having fallen into the trap, the customer was arrested and subsequently pleaded guilty to a criminal offense growing out of the attempted purchase.
 
 
 6
 Garner's conviction of possession with intent to distribute the Diazepam has not been appealed and is, therefore, not before us. On the charge of carrying firearms in relation to the drug trafficking crime, Garner placed his reliance primarily on the contention that the connection between his relationships to drugs and firearms was not sufficiently proven from the point of view of 18 U.S.C. Sec. 924(c). Use or carriage of a firearm, however, shall constitute an offense if such use or carriage is in relation to any crime of drug trafficking. The evidence was fully adequate to establish that a man found in his apartment containing loaded guns admittedly his, as well as actively engaged in drug trafficking, might be found to have violated the statute. Cf. United States v. Brockington, 849 F.2d 872 (4th Cir.1988).
 
 
 7
 Consideration of the briefs and record have convinced the court that decision can be reached without oral argument, and the judgment is, accordingly,
 
 
 8
 AFFIRMED.